IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARNES,

        Plaintiff,                        No. CIV S-09-0953 EFB

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,    ORDER AND
                                                  FINDINGS AND RECOMMENDATIONS
        Defendant.
                                         /

On April 14, 2009, the court issued an order granting plaintiff's application to proceed *in forma pauperis*; directing the Clerk to send plaintiff a copy of the court's scheduling order; and directing plaintiff to, within fifteen days, submit to the U.S. Marshal "an original and five copies of the completed summons, five copies of the complaint, five copies of the scheduling order and a completed USM-285 form," and file a statement with the court that said documents were submitted to the Marshal. Also on April 14, 2009, a copy of that order, the court's scheduling order, and a summons were served on plaintiff's address of record.[1] However, on May 4, 2009,

---

[1] The address plaintiff lists on his complaint is "General Delivery, Roseville, CA." Although plaintiff did not include a zip code in the stated address, the only United States Postal Service location in Roseville that offers a General Delivery option is the post office located in zip code 95678. Therefore, the April 14, 2009 order was served at that location.

1

the documents were returned as undeliverable by the United States Postal Service.[2]

Eastern District of California Local Rule 83-183(b) requires all parties, including parties appearing *in propria persona*, to inform the court of any address change. The Local Rule further states that "[i]f mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." E.D. Cal. L.R. 83-183(b). Additionally, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made. . . ."

This action cannot proceed without plaintiff's participation. Unfortunately, plaintiff has not provided the court with a current address, and service of process has not yet been effected on defendant since plaintiff has not submitted the necessary documents to the U.S. Marshal. *See* April 14, 2009 Order.

Accordingly, the Clerk is directed to randomly assign a United States District Judge to this case. Further, it is hereby RECOMMENDED that this action be dismissed without prejudice for failure to prosecute and for plaintiff's failure to keep the court apprised of his current address. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 11-110, 83-183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections

---

[2] The court notes that in plaintiff's application to proceed *in forma pauperis*, he states that he is "forced to live on [the] street." While mindful of plaintiff's pro se status and presumably difficult living situation, the court cannot allow this case to languish on its docket. However, in light of plaintiff's situation, the court has extended its typical ten day period to object to these findings and recommendations to twenty days. Further, should plaintiff, after entry of judgment, file a motion that may be properly construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60, the court will consider setting aside judgment and reopening the case.

1   with the court. Such a document should be captioned "Objections to Magistrate Judge's
2   Findings and Recommendations." Failure to file objections within the specified time may waive
3   the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.
4   1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).
5   DATED: September 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3